UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN BINNS, an individual

      Plaintiff,

v.                                 Case No:  2:14-cv-506-FtM-38DNF

CAESARS ENTERTAINMENT
CORPORATION, CAESARS
ENTERTAINMENT OPERATING
COMPANY, CAESARS WORLD,
INC., HARRAH'S ATLANTIC CITY
PROPCO, LLC and HARRAH'S
ATLANTIC CITY OPERATING
COMPANY, LLC,

      Defendants.
_____/

**<u>ORDER[1]</u>**

    This matter comes before the Court on the Plaintiff, John H. Binns' Motion to Remand to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (Doc. #7) filed on September 17, 2014. The Defendants filed their Response in Opposition (Doc. #12) on October 1, 2014. The Motion is now fully briefed and ripe for the Court's review.

    In his Motion, John Binns seeks to voluntarily dismiss his federal subject matter claim found in Count 57 filed pursuant to 42 U.S.C. § 1983 and to remand the case to the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

State Court.  John Binns filed Notice (Doc. #13) stating that he voluntarily withdraws, under Fed. R. Civ. P. 41(a), Count 57 which involves federal subject matter jurisdiction pursuant to 42 U.S.C. § 1983.  John Binns argues that since the § 1983 claim has been removed and only state law claims remain, the case should be remanded because the Court has lost subject matter jurisdiction.  The Defendants state that John Binns cannot withdraw the §1983 claim arguing that Fed. R. Civ. P. 41(a) only allows the entire case to be dismissed and not just part of the action.

"Generally, a plaintiff may ask the court to dismiss an action at any time." Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1276 (11th Cir.2012). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856–57 (11th Cir.1986). In the Eleventh Circuit, however, a plaintiff can only seek to dismiss its entire action and cannot pick and choose which claims are to be dismissed.  IberiaBank v. Coconut 41, LLC, 984 F.Supp.2d 1283, 1295 (M.D. Fla. 2013) (citing Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 (11th Cir.2010) (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir.2004)).

John Binns' Notice dismissing Count 57 pursuant to Fed. R. Civ. P. 41(a) is inappropriate under Eleventh Circuit precedent. IberiaBank v. Coconut 41, LLC, 984 F.Supp.2d at 1295.  Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. Id. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." J.C. Gibson Plastering Co., Inc. v. XL Specialty

Ins. Co., 2007 WL 2128183, *1 (M.D. Fla. July 25, 2007). John Binns' Motion to Remand to State Court is denied because he cannot remove the single count from his Amended Complaint. Thus, this Court at this time still maintains jurisdiction.

Having determined that the Court continues to maintain jurisdiction over the case, the Court will now consider the Amended Complaint itself. After review of John Binns' Amended Complaint the Court finds that the Amended Complaint fails to present a sufficient factual basis to establish a § 1983 claim.

John Binns alleges the Defendants violated his constitutional rights and brings charges against the Defendants pursuant to 42 U.S.C. § 1983. As is plain from the statute, § 1983 only applies against those who act under the color of law. Desravines v. Orange County Sheriff's Office, 2010 WL 5491235, *5 (M.D. Fla. December 15, 2010). In order "[t]o establish a claim under 42 U.S.C. § 1983, [plaintiff] must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir.2005) (emphasis added) (citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed.2d 40 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," West, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). While Binns states the Defendants', all private corporations and employees, were acting under color of state law he presents no facts to support such a conclusion.

"Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir.1992). To find

Defendants state actors, this Court must find either: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise.' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue,* 241 F.3d 1341, 1347 (11th Cir.2001) (quoting *NBC, Inc. v. Commc'n Workers of Am.,* 860 F.2d 1022, 1026–27 (11th Cir.1988)). None of those factors have been alleged by John Binns in his Amended Complaint and he provides no factual basis to support such a claim.

The Court concludes that John Binns' § 1983 claims lack merit as pled.  Moreover, because the Plaintiff has added a Florida Defendant the case lacks diversity jurisdiction. Thus, John Binns will be allowed leave to amend his Amended Complaint and either remove the § 1983 claims altogether or establish that a state actor was involved. In addition, a simple review of Plaintiffs' Complaint makes it apparent that the Complaint is a quintessential shotgun pleading.  Plaintiff is advised to remedy this deficiency as well.

Accordingly, it is now

**ORDERED:**

(1)     The Plaintiff, John Binns' Motion to Remand to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (Doc. #7) is **DENIED without prejudice**.

(2)     John Binns is given leave up to and including **October 28, 2014**, to file his Second Amended Complaint.  Failure to file an amended complaint that addresses the Court's

concerns as delineated above shall result in John Binns' Amended Complaint being dismissed and the case closed without further notice.

   **DONE** and **ORDERED** in Fort Myers, Florida this 21st day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record