UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN H. BINNS,

    Plaintiff,

v.                                                              Case No: 2:14-cv-506-FtM-38DNF

CAESARS ENTERTAINMENT CORPORATION, CAESARS ENTERTAINMENT OPERATING COMPANY, CAESARS WORLD, INC., HARRAH'S ATLANTIC CITY PROPCO, LLC and HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC,

    Defendants.
_____/

**ORDER[1]**

This matter comes before the Court on the Plaintiff, John Binns' Motion to Strike Defendants Notice of Removal (Doc. #17) filed on October 10, 2014.  The Defendants filed their Response in Opposition (Doc. #20) on October 21, 2014.  The Motion is fully briefed and ripe for the Court's review.

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

Binns states that the Notice of Removal of his Amended Complaint to this Court was improper and should be stricken. According to Binns, his Motion for Leave to Amended the Complaint was never ruled upon by the State Court. Binn's argues since Motion for Leave to Amend was not ruled upon, the Amended Complaint was never properly filed with the State Court. Binns concludes that since the Amended Complaint was not properly pending in the State Court it could not properly be removed.

Binns further argues the Amended Complaint was improperly filed in State Court because the Motion for Leave to Amend, was not accompanied by an attached copy of the Amended Complaint. Binns states that it is the custom of Twentieth Judicial Circuit to require the Amended Complaint to be attached to a motion for leave to amend.

The Defendants argue Binns' Motion for Leave to Amend was only filed as a precaution because a plaintiff may file an amended complaint in the Twentieth Circuit Court without leave of court as long as no answer has been filed. The Defendants note that they had not yet filed an answer to Binns' Amended Complaint.

Pursuant to Fla. R. Civ. P. 1.190(a) a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. In this instance, no

responsive pleading was filed prior to Binns filing his Amended Complaint.  Therefore, Binns argument that the Motion for Leave to Amend was never ruled on lacks merit because leave was not necessary.  Furthermore, Binns' Amended Complaint was date stamped and filed with the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, on August 9, 2014, at 1:28pm.  Thus, the Amended Complaint was accepted by and properly filed with the Circuit Court.  As such, the Motion to Strike the Notice of Removal is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, John Binns' Motion to Strike Defendants Notice of Removal ([Doc. #17](#)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record